UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| DAVID GUMNER, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>   v.<br><br>PEPSICO, INC.,<br><br>            Defendant. | Case No.: SACV 23-00332-CJC (KESx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [Dkt. 44]** |

I.    INTRODUCTION

In this putative class action, Plaintiff David Gumner alleges that the labeling "Healthy Real Hydration" on sports beverage Gatorade Fit, which Defendant PepsiCo, Inc. produces, violates Food and Drug Administration ("FDA") regulations and the California Health and Safety Code. (Dkt. 43 [Third Am. Compl., hereinafter "TAC"] ¶¶ 20–38.) This is the third time the Court has considered Plaintiff's pleadings on a motion to dismiss. In the TAC, Gumner asserts claims for violation of California's Unfair Competition Law ("UCL") based on his allegations that PepsiCo's labeling of

-1-

Gatorade Fit as "healthy" is inconsistent with federal regulatory requirements governing beverages that are fortified with certain vitamins and minerals, such as the vitamin A and vitamin C added to Gatorade Fit. (*Id.*) In August and October, the Court dismissed with leave to amend Gumner's First and Second Amended Complaints, determining that he sufficiently alleged a plausible violation of FDA regulations, but failed to adequately allege actual reliance as required under California law. (*See* Dkts. 33, 42.) Now before the Court is PepsiCo's motion to dismiss Gumner's Third Amended Complaint, in which PepsiCo argues Gumner has failed to cure the defects the Court identified and has not established equitable jurisdiction. (*See* Dkt. 44 [Mot.].) For the following reasons, the motion is **GRANTED in part** and **DENIED in part**.[1]

## II.    LEGAL STANDARD

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's claims. The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims asserted. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must contain

---

[1] Having read and considered the papers that the parties presented, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing scheduled for December 4, 2023 at 1:30 pm, is hereby vacated and removed from the calendar.

well-pleaded factual allegations, not legal conclusions, that "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.    DISCUSSION

Gumner again brings a single claim for violations of the "unlawful" and "unfair" prongs of the UCL regarding PepsiCo's alleged mislabeling of Gatorade Fit as "healthy," but the TAC does not include a renewed claim for unjust enrichment.  (*See* TAC.)  "California's unfair competition law (UCL) does not proscribe specific activities, but broadly prohibits any unlawful, unfair or fraudulent business act or practice. … [A] practice is prohibited as unfair or deceptive even if not unlawful and vice versa." *Boschma v. Home Loan Ctr., Inc.*, 129 Cal. Rptr. 3d 874, 251–52 (Cal. Ct. App. 2011) (internal quotation marks omitted).  PepsiCo argues that Gumner lacks standing to sue under the UCL because (1) he does not plausibly allege that he relied on PepsiCo's alleged misrepresentations, and (2) he has adequate legal remedies for his alleged injury.

### A.    Reliance

The Court has twice previously ruled that Gumner plausibly alleged Gatorade Fit does not meet the regulatory requirements for a product to be labeled "healthy" and is therefore an "unlawful" business act as proscribed under the UCL.  (Dkts. 33, 42.)  In those same orders, however, the Court dismissed Gumner's claims for not adequately alleging reliance on Gatorade Fit's labeling and therefore failing to establish statutory standing.  (*Id.*)  For a third time now, PepsiCo argues that Gumner fails to adequately allege reliance.  (Mot. at 5–9.)  This time, Gumner has included enough to render his allegations just beyond threadbare.

"California courts have held that when the 'unfair competition' underlying a plaintiff's UCL claim consists of a defendant's misrepresentation or omission, a plaintiff must have actually relied on the misrepresentation or omission, and suffered economic injury as a result of that reliance, to have standing to sue." *Backhaut v. Apple, Inc.*, 74 F. Supp. 3d 1033, 1047 (N.D. Cal. 2014) (citing *In re Tobacco II Cases*, 207 P.3d 20, 39 (Cal. 2009)); *see also Shin v. Campbell Soup Co.*, 2017 WL 3534991, at *6 (C.D. Cal. Aug. 9, 2017) (cleaned up) (citing *Durell v. Sharp Healthcare*, 108 Cal. Rptr. 3d 682, 687–88 (Cal. Ct. App. 2010)) ("[W]hen the basis of the UCL claim is a claim of misrepresentation, as it is here, a plaintiff must demonstrate actual reliance on the allegedly deceptive or misleading statements."). When a plaintiff alleges that a defendant mislabeled a product by including a statement when prohibited, or failing to include a statement when required, the plaintiff must allege actual reliance. *See Shaeffer v. Califia Farms, LLC*, 258 Cal. Rptr. 3d 270, 283–84 (Cal. Ct. App. 2020). "To satisfy this [reliance] requirement, [a plaintiff] must 'truthfully allege' that '[the plaintiff] would not have bought the product but for the' allegedly actionable misrepresentation or omission." *Id.* at 283.

In the First Amended Complaint, Gumner alleged that "[p]rior to purchasing the products Gatorade Fit, [he] was exposed to, read, and relied upon the Misbranded Claims," (Dkt. 22 ["FAC"] ¶ 55), that he "paid more for Gatorade Fit because of the Misbranded Claims[,]" and that "[a]bsent the Misbranded Claims, [he] would not have purchased Gatorade Fit at all or would only have been willing to pay less" for the product, (*id.* ¶ 56). The Court determined that these allegations were "too conclusory to satisfy the reliance requirement." (Dkt. 33 at 8.) In the Second Amended Complaint, Gumner still offered only conclusory allegations of his reliance on PepsiCo's claims and did not plead facts supporting a plausible inference that he actually would not have purchased Gatorade Fit but for its alleged mislabeling. (Dkt. 34 ["SAC"] ¶¶ 55–58.)

In its last order, the Court cited numerous cases that discussed the types of allegations that meet the reliance requirement.  A common thread in those cases was plaintiffs pleading an explicit interest in the aspect of the product that was mislabeled.  For example, in *Shin v. Campbell Soup Co.*, 2018 WL 6164264 (C.D. Cal. June 11, 2018), the plaintiff identified that she was particularly looking for products "that were healthy and low in sodium" and that was why she "would not have purchased the [products] absent the misleading and deceptive labels," which indicated the products had "less sodium."  *Shin*, Case No. CV 17-1082-DMG (JCx) (C.D. Cal.), Dkt. 24 [First Am. Compl.] ¶¶ 20, 23, Shin, 2018 WL 6164264 at *1.  Shin went on to allege that she "received products that were not as healthful as she perceived."  *Id.* ¶ 23.  The *Shin* court determined that these allegations were sufficient to allege actual reliance.  *Shin*, 2018 WL 6164264, at *5.  Likewise, the plaintiff in *Bishop v. 7–Eleven, Inc.*, 651 F. App'x 657 (9th Cir. 2016), sufficiently alleged reliance in stating that he "care[d] about the nutritional content of food and s[ought] to maintain a healthy diet," *Bishop, v. 7-Eleven, Inc.*, 2012 WL 4462572 (N.D. Cal.), Dkt. 17 [Am. Compl.] ¶ 103.  *See Bishop*, 651 F. App'x at 658.

Though his allegations regarding reliance are far from robust, Gumner has now alleged that he "is generally interested in fitness and healthy eating.  When purchasing Gatorade Fit, Mr. Gumner was looking for a beverage that would be healthy to drink and useful for fitness (e.g., to drink during a workout)."  (TAC ¶ 55.)  Since Gatorade's target population doesn't suffer from a deficiency of the vitamins that the label identified as making it "healthy," Gumner plausibly wasn't getting the health benefit he sought based on the misleading label.  (*See* Dkt. 33 at 6–7.)  His allegations as to reliance do not contain the detail of some of the cases the Court cited in its last order, but they are sufficiently similar to the cases recapped above for the Court to find them adequate at the motion-to-dismiss stage.

## B.    Adequacy of Legal Remedies

Gumner seeks equitable restitution and a prospective injunction.  (TAC ¶¶ 78–83.) PepsiCo argues that Gumner's request for equitable restitution should be dismissed because he does not and cannot plausibly allege that he lacks an adequate legal remedy, as required under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020).  (Mot. at 9.)  Gumner opposes PepsiCo's motion to dismiss his UCL claim for restitution on two grounds: 1) Gumner seeks prospective injunctive relief as part of his UCL claim and thus does not have an adequate legal remedy through other statutory channels; and 2) an equitable claim under the UCL requires proof of fewer elements than other statutes would require, rendering these other potential legal claims inadequate.  The Court agrees in part with each party.

"Federal courts must apply equitable principles derived from federal common law … including 'the principle precluding courts from awarding equitable relief when an adequate legal remedy exists.'"  *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1312 (9th Cir. 2022) (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 837, 842 (9th Cir. 2020), *cert. denied sub nom. Polaris Indus. Inc. v. Albright*, 143 S. Ct. 2612 (2023)).  In order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy.  *Sonner*, 971 F.3d at 843–44; *see also Payne v. Hook*, 74 U.S. 7 Wall. 425, 430 (1868) ("The absence of a complete and adequate remedy at law, is the only test of equity jurisdiction …").  A plaintiff fails to do so when the operative complaint does not plausibly "allege that [the plaintiff] lacks an adequate legal remedy." *Id.*  "Even when a court has subject matter jurisdiction, '[t]here remains the question of equitable jurisdiction' before 'the District Court properly [can] reach the merits.'" *Guzman*, 49 F.4th at 1314.

Gumner alleges that:

> [he] is entitled to seek equitable relief because he lacks a viable legal cause
> of action to challenge the unlawful behavior since there is no private right of
> action to challenge violations of the California Health and Safety Code or
> the parallel provisions of the federal nutrient content claims.  Further, even if
> one existed, legal damages are inadequate.  Legal damages in food labeling
> cases are typically limited to the price premium of the challenged claims.
> But under the UCL the Court has broad discretion to award restitution and
> restitution is not limited to returning to Plaintiff and class members monies
> in which they have an interest, but more broadly serves to deter the offender
> and others from future violations. Thus, legal remedies and legal damages
> are inadequate.

(TAC ¶¶ 82–83.)  But Gumner's allegations do not align with California and federal law, and Gumner cannot plead away applicable law.

First, PepsiCo argues that other statutes, such as the Consumer Legal Remedies Act (CLRA) and California's False Advertising Law (FAL), provide adequate legal remedies for Gumner's harm.  Gumner responds that violations of these statutes are more difficult to prove and thus cannot provide an adequate legal remedy.  (*See* Dkt. 45 [Opp'n to Mot. to Dismiss, hereinafter "Opp."] at 7 ["[T]the CLRA requires a showing of deception … which [is not] required under the UCL unlawful prong …. A UCL "unlawful" prong claim has just one element …."].)  But "the fact that one remedy may be simpler or easier to obtain does not demonstrate that Plaintiffs lack an adequate remedy at law."  *Clevenger v. Welch Foods Inc.*, 2022 WL 18228288, at *6 (C.D. Cal. Dec. 14, 2022).  Gumner does not address any other reason he could not bring a claim for damages under these other statutes that PepsiCo raises.

Second, PepsiCo emphasizes that the measure of damages under other applicable statutes and the measure of equitable restitution under the UCL are essentially the same.

Under California law, restitution (the only monetary remedy Gumner seeks) "is equal to the difference between what the plaintiff paid and the value [he] received in return"—i.e., the price premium. *Brazil v. Dole Packaged Foods, LLC*, 660 F. App'x 531, 534 (9th Cir. 2016) (citing *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 131 (2009)). Although Gumner pleads that "restitution is not limited to returning to Plaintiff and class members monies in which they have an interest, but more broadly serves to deter the offender and others from future violations," Gumner does not cite any legal authority for this proposition. Gumner's conception of restitution seems to include punitive damages or perhaps disgorgement, but these are separate remedies—and they are not remedies that Gumner seeks or remedies he argues are available under the UCL. On a motion to dismiss, the Court must accept factual allegations as true, but the Court cannot accept Gumner's legal conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'") (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Gumner's allegations "that equitable claims provide greater remedy and are easier to prove does not make [his] equitable claim[] proper." *Zeller v. Optavia, LLC*, 2022 WL 17858032, at *7 (S.D. Cal. Dec. 22, 2022).

"In order to entertain a request for equitable relief, a district court ***must*** have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy." *Guzman*, 49 F.4th at 1313 (emphasis added). "There is no indication that [Gumner]'s sought restitution based on [PepsiCo]'s purported failure to [properly label its beverage] would differ in character from damages he would seek in a legal action." *Rodriguez v. FCA US LLC*, 2023 WL 3150075, at *5 (C.D. Cal. Mar. 21, 2023) (citing *Sonner*, 971 F.3d at 844 (reasoning plaintiff had adequate remedy at law where plaintiff's sought restitution was equivalent in amount to monetary damages, and plaintiff "fail[ed] to explain how the same amount of money for the exact same harm [would be] inadequate or incomplete, and nothing in the record support[ed] that

conclusion")).  The Court will therefore dismiss without prejudice Gumner's claim under the UCL for equitable restitution because Gumner may pursue adequate monetary remedies under other statutes.

However, "PepsiCo's motion to dismiss does not … challenge Plaintiff's standing to pursue prospective injunctive relief."  (Dkt. 46 [Reply in Support of Mot. to Dismiss, hereinafter "Reply"] at 8.)  The fact that other statutes provide Gumner with an adequate damages remedy does not require dismissal of his UCL claim for future equitable relief, which these other statutes do not authorize.  *See Stafford v. Rite Aid Corp.*, 2023 WL 2876109, at *5 (S.D. Cal. Apr. 10, 2023) (granting motion to dismiss as to UCL claim for restitution but denying as to plaintiff's claim for future equitable relief).  Gumner's UCL claim for prospective injunctive relief, which PepsiCo does not challenge, therefore survives.

## IV.   CONCLUSION

For the foregoing reasons, PepsiCo's motion is **GRANTED in part** and **DENIED in part.**  Gumner's UCL claim for equitable restitution is **DISMISSED WITHOUT PREJUDICE** should he wish to refile it in state court.  His UCL claim for prospective injunctive relief remains.  If Gumner wishes to amend his complaint to add legal claims, he must do so by **December 13, 2023.**  If Gumner does not file a fourth amended complaint, PepsiCo shall file its answer by **December 27, 2023.**

DATED:     November 29, 2023

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

-9-