ANDREW S. TULUMELLO (SBN #196484)
drew.tulumello@weil.com
CLAIRE L. CHAPLA (SBN #314255)
claire.chapla@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Tel: 202 682 7000
Fax: 202 857 0940

*Attorneys for Defendant PepsiCo, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GUMNER, on behalf of himself and all others similarly situated,<br><br>                   Plaintiff,<br><br>     v.<br><br>PEPSICO, INC.,<br><br>                   Defendant. | Case No. 8:23-CV-00332-CJC-KES<br><br>**DEFENDANT PEPSICO, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S FOURTH AMENDED COMPLAINT** |

Defendant PepsiCo, Inc. ("PepsiCo"), by and through its undersigned counsel, hereby answers Plaintiff David Gumner's Fourth Amended Complaint ("Complaint") as follows:

## GENERAL DENIAL

PepsiCo denies any and all liability under California's Unfair Competition Law and Consumer Legal Remedies Act, or for breach of any express or implied warranties. Except as otherwise expressly stated herein, PepsiCo denies each and every claim, theory, and allegation asserted in the Complaint. Additionally, a number of allegations in the Complaint state legal conclusions that do not require a response; to the extent that any response is required, such allegations are denied. Finally, the Complaint contains several headings that do not require a response. To the extent that a response is required, any allegations in the headings are denied.

## SPECIFIC RESPONSES

## "INTRODUCTION"

1. PepsiCo denies the allegations in Paragraph 1, except admits that PepsiCo sells a line of sports beverages with the name "Gatorade Fit."

2. Paragraph 2 states conclusions of law to which no response is required. To the extent a response is required, PepsiCo denies the allegations in Paragraph 2.

3. Paragraph 3 states conclusions of law to which no response is required. To the extent a response is required, PepsiCo denies the allegations in Paragraph 3.

4. PepsiCo admits that Plaintiff purports to bring this action on behalf of himself and similarly-situated Class Members, but otherwise denies the allegations in Paragraph 4 and denies that the class allegations have merit.

## "JURISDICTION & VENUE"

5. Paragraph 5 states conclusions of law to which no response is required. To the extent a response is required, PepsiCo lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 5.

6.    Paragraph 6 states conclusions of law to which no response is required.  To the extent a response is required, PepsiCo denies the allegations in Paragraph 6, except admits that PepsiCo conducts certain business activity in California.

7.    Paragraph 7 states conclusions of law to which no response is required.  To the extent a response is required, PepsiCo lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 7 regarding the alleged events or omissions allegedly giving rise to Plaintiff's claims, and denies the allegations in Paragraph 7 regarding PepsiCo's residence in this district.

## "PARTIES"

8.    PepsiCo lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 8.

9.    PepsiCo admits the allegations in Paragraph 9.

## "FACTUAL ALLEGATIONS"

## "I. PEPSICO MARKETS GATORADE FIT WITH UNAUTHORIZED NUTRIENT CONTENT CLAIMS THAT RENDER THE BEVERAGES MISBRANDED"

10.    PepsiCo denies the allegations in Paragraph 10, except admits that it operates business internationally.

11.    PepsiCo admits the allegations in Paragraph 11.

12.    PepsiCo admits that Gatorade Fit Products are or were sold in the flavors listed in Paragraph 12.  Paragraph 12 and footnote 1 otherwise state conclusions of law to which no response is required.  To the extent that a response is required, PepsiCo denies the remaining allegations in Paragraph 12 and footnote 1.

13.    PepsiCo denies the allegations in Paragraph 13, except refers to the Product labels, which speak for themselves.

14.    PepsiCo denies the allegations in Paragraph 14, except refers to the Product labels, which speak for themselves.

15. PepsiCo denies the allegations in Paragraph 15, except refers to the Product labels, which speak for themselves.

16. PepsiCo denies the allegations in Paragraph 16, except refers to the Product labels, which speak for themselves.

17. PepsiCo denies the allegations in Paragraph 17, except refers to the Product labels, which speak for themselves.

18. Paragraph 18 and footnote 2 state conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 18 and footnote 2, except refers to the Product labels, which speak for themselves.

19. PepsiCo denies the allegations in Paragraph 19, except refers to the Product labels, which speak for themselves.

20. Paragraph 20 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 20, except refers to the statutes cited therein, which speak for themselves.

21. Paragraph 21 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 21, except refers to the statutes and regulations cited therein, which speak for themselves.

22. Paragraph 22 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 22, except refers to the statutes and regulations cited therein, which speak for themselves.

23. Paragraph 23 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 23, except refers to the statutes, regulations, and case law cited therein, which speak for themselves.

24. Paragraph 24 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 24.

25.     Paragraph 25 and footnote 3 state conclusions of law to which no response is required.  To the extent that a response is required, PepsiCo denies the allegations in Paragraph 25 and footnote 3, except refers to the Product labels, which speak for themselves.

26.     Paragraph 26 states conclusions of law to which no response is required.  To the extent that a response is required, PepsiCo denies the allegations in Paragraph 26, except refers to the regulations cited therein, which speak for themselves.

27.     Paragraph 27 states conclusions of law to which no response is required.  To the extent that a response is required, PepsiCo denies the allegations in Paragraph 27, except refers to the regulations cited therein, which speak for themselves.

28.     Paragraph 28 states conclusions of law to which no response is required.  To the extent that a response is required, PepsiCo denies the allegations in Paragraph 28.

29.     Paragraph 29 and footnote 4 state conclusions of law to which no response is required.  To the extent that a response is required, PepsiCo denies the allegations in Paragraph 29 and footnote 4, except refers to the regulations cited therein, which speak for themselves.

30.     Paragraph 30 states conclusions of law to which no response is required.  To the extent that a response is required, PepsiCo denies the allegations in Paragraph 30, except refers to the regulations cited therein, which speak for themselves.

31.     Paragraph 31 states conclusions of law to which no response is required.  To the extent that a response is required, PepsiCo denies the allegations in Paragraph 31.

32.     Paragraph 32 states conclusions of law to which no response is required.  To the extent that a response is required, PepsiCo denies the allegations in Paragraph 32.

33.     Paragraph 33 states conclusions of law to which no response is required.  To the extent that a response is required, PepsiCo denies the allegations in Paragraph 33, except refers to the regulations cited therein, which speak for themselves.

34.     Paragraph 34 states conclusions of law to which no response is required.  To the extent that a response is required, PepsiCo denies the allegations in Paragraph 34, except refers to the regulations cited therein, which speak for themselves.

35.     Paragraph 35 states conclusions of law to which no response is required.  To the extent that a response is required, PepsiCo denies the allegations in Paragraph 35, except refers to the Product labels, which speak for themselves.

36.     Paragraph 36 states conclusions of law to which no response is required.  To the extent that a response is required, PepsiCo denies the allegations in Paragraph 36, except refers to the Product labels, which speak for themselves.

37.     Paragraph 37 states conclusions of law to which no response is required.  To the extent that a response is required, PepsiCo denies the allegations in Paragraph 37, except refers to the regulations cited therein, which speak for themselves.

38.     Paragraph 38 states conclusions of law to which no response is required.  To the extent that a response is required, PepsiCo denies the allegations in Paragraph 38.

39.     Paragraph 39 states conclusions of law to which no response is required.  To the extent that a response is required, PepsiCo denies the allegations in Paragraph 39, except refers to the regulations cited therein, which speak for themselves.

40.     PepsiCo denies the allegations in Paragraph 40 and footnote 5, except refers to the report cited therein, which speaks for itself.

41.     PepsiCo denies the allegations in Paragraph 41 and footnote 6, except refers to the report cited therein, which speaks for itself.

42.     PepsiCo denies the allegations in Paragraph 42 and footnote 7, except refers to the report cited therein, which speaks for itself.

43.     PepsiCo denies the allegations in Paragraph 43 and footnote 8, except refers to the factsheet cited therein, which speaks for itself.

44.     PepsiCo denies the allegations in Paragraph 44 and footnote 9, except refers to the report cited therein, which speaks for itself.

45.    PepsiCo denies the allegations in Paragraph 45 and footnotes 10 and 11, except refers to the factsheet cited therein, which speaks for itself.

46.    PepsiCo denies the allegations in Paragraph 46 and footnote 12, except refers to the reports cited therein, which speak for themselves.

47.    Paragraph 47 states conclusions of law to which no response is required.  To the extent that a response is required, PepsiCo denies the allegations in Paragraph 47.

48.    Paragraph 48 states conclusions of law to which no response is required.  To the extent that a response is required, PepsiCo denies the allegations in Paragraph 48.

49.    Paragraph 49 states conclusions of law to which no response is required.  To the extent that a response is required, PepsiCo denies the allegations in Paragraph 49.

50.    Paragraph 50 states conclusions of law to which no response is required.  To the extent that a response is required, PepsiCo denies the allegations in Paragraph 50, except refers to the regulations cited therein, which speak for themselves.

51.    Paragraph 51 states conclusions of law to which no response is required.  To the extent that a response is required, PepsiCo denies the allegations in Paragraph 51, except refers to the regulations cited therein, which speak for themselves.

52.    Paragraph 52 states conclusions of law to which no response is required.  To the extent that a response is required, PepsiCo denies the allegations in Paragraph 52, except refers to the regulations cited therein, which speak for themselves.

53.    Paragraph 53 states conclusions of law to which no response is required.  To the extent that a response is required, PepsiCo denies the allegations in Paragraph 53, except refers to the regulations cited therein, which speak for themselves.

**"II. PEPSICO'S REPRESENTATIONS AND OMISSIONS ON GATORADE FIT ARE FALSE AND MISLEADING"**

54.    Paragraph 54 states conclusions of law to which no response is required.  To the extent that a response is required, PepsiCo denies the allegations in Paragraph 54, except refers to the Product labels, which speak for themselves.

55. Paragraph 55 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 55.

56. Paragraph 56 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 56, except admits that the Products contain 100% of the recommended daily intake of vitamins A & C.

**"III. PLAINTIFF'S PURCHASE, RELIANCE, AND INJURY"**

57. PepsiCo lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 57.

58. PepsiCo denies the allegations in Paragraph 58.

59. Paragraph 59 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 59 regarding the deceptive nature of the Products' labeling.

60. PepsiCo denies the allegations in Paragraph 60.

61. Paragraph 61 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 61.

62. Paragraph 62 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 62.

63. Paragraph 63 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 63.

64. Paragraph 64 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 64.

65. Paragraph 65 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 65.

66. Paragraph 66 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 66.

## "CLASS ACTION ALLEGATIONS"

67.    Paragraph 67 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 67, except admits that Plaintiff seeks to represent members of the putative class, and denies that the class allegations have merit.

68.    Paragraph 68 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 68.

69.    Paragraph 69 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 69 and all sub-parts thereof.

70.    Paragraph 70 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 70.

71.    Paragraph 71 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 71.

72.    Paragraph 72 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 72.

73.    Paragraph 73 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 73.

74.    Paragraph 74 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 74.

75.    Paragraph 75 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 75.

## "CAUSES OF ACTION"

## "FIRST CAUSE OF ACTION"

## "Violations of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*"

76. Responding to Paragraph 76, PepsiCo incorporates by reference its responses to all of the allegations in the Complaint referenced in Paragraph 76 as if fully set forth herein.

77. Paragraph 77 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo refers to the statute cited therein, which speaks for itself.

78. Paragraph 78 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 78.

### "Fraudulent"

79. Paragraph 79 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 79.

80. PepsiCo denies the allegations in Paragraph 80.

### "Unlawful"

81. Paragraph 81 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 81.

### "Unfair"

82. Paragraph 82 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 82.

83. Paragraph 83 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 83.

84. Paragraph 84 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 84.

85. Paragraph 85 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 85.

86. Paragraph 86 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 86.

87. Paragraph 87 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 87.

88. Paragraph 88 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 88, except admits that Plaintiff purports to seek an injunction.

### "SECOND CAUSE OF ACTION"

### "Violations of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*"

89. Responding to Paragraph 89, PepsiCo incorporates by reference its responses to all of the allegations in the Complaint referenced in Paragraph 89 as if fully set forth herein.

90. Paragraph 90 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 90, except refers to the statute cited therein, which speaks for itself.

91. Paragraph 91 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 91 and all sub-parts thereof.

92. Paragraph 92 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 92.

93. Paragraph 93 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 93.

94. PepsiCo denies the allegations in Paragraph 94, except admits that it received a demand letter from Plaintiff's counsel on behalf of Plaintiff David Gumner more than thirty days before Plaintiff filed suit.

95. Paragraph 95 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 95, except admits that Plaintiff purports to seek the relief described therein.

96. Paragraph 96 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 96, except admits that Plaintiff attached an affidavit to his Complaint.

**"THIRD CAUSE OF ACTION"**

**"Breaches of Express Warranties, Cal. Com. Code § 2313(1)"**

97. Responding to Paragraph 97, PepsiCo incorporates by reference its responses to all of the allegations in the Complaint referenced in Paragraph 97 as if fully set forth herein.

98. Paragraph 98 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 98.

99. Paragraph 99 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 99, except refers to the Product labels, which speak for themselves.

100. Paragraph 100 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 100.

101. Paragraph 101 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 101.

102. Paragraph 102 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 102.

103. Paragraph 103 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 103, except admits that Plaintiff purports to seek the relief described therein.

**"FOURTH CAUSE OF ACTION"**

**"Breach of Implied Warranty of Merchantability, Cal. Com. Code § 2314"**

104. Responding to Paragraph 104, PepsiCo incorporates by reference its responses to all of the allegations in the Complaint referenced in Paragraph 104 as if fully set forth herein.

105. Paragraph 105 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 105.

106. PepsiCo denies the allegations in Paragraph 106.

107. Paragraph 107 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 107.

108. Paragraph 108 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 108.

109. Paragraph 109 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 109.

110. Paragraph 110 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 110.

111. Paragraph 111 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 111.

112. Paragraph 112 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 112, except admits that Plaintiff purports to seek the relief described therein.

**"PRAYER FOR RELIEF"**

113. Paragraph 113 states conclusions of law to which no response is required. To the extent that a response is required, PepsiCo denies the allegations in Paragraph 113 and all sub-parts thereof, and denies that Plaintiff or the putative class is entitled to any relief on any of the claims asserted in the Complaint.

**"JURY DEMAND"**

114.   PepsiCo demands a trial by jury for all claims so triable.

**ADDITIONAL OR AFFIRMATIVE DEFENSES**

Without assuming the burden to prove that which properly falls on Plaintiff, PepsiCo pleads the following separate and additional defenses.

**FIRST SEPARATE AND ADDITIONAL DEFENSE**

PepsiCo denies all allegations not expressly admitted and specifically reserves all affirmative or other defenses that it may have against Plaintiff and the putative class.  It is not necessary at this time for PepsiCo to delineate such defenses against the putative class because no class or classes have been certified, and the putative class members are not parties to this litigation.

**SECOND SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's Complaint, and each and every purported cause of action, is barred pursuant to the primary jurisdiction doctrine because each cause of action raises technical questions about food labels that are appropriately left to the U.S. Food and Drug Administration ("FDA").

**THIRD SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's Complaint, and each and every purported cause of action, is barred because federal law (including the Federal Food, Drug, and Cosmetic Act and FDA regulations) expressly and impliedly preempts this action, including because PepsiCo properly labels the Products in the method required by the Federal Food, Drug, and Cosmetic Act and FDA regulations; and there is no private right of action to impose requirements for PepsiCo's labeling different from or additional to those imposed by the Federal Food, Drug and Cosmetic Act and related FDA regulations.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

Each of the causes of action in the Complaint, in whole or in part, is barred by the applicable statutes of limitation and statutes of repose. The applicable statutes bar any claims or recovery based on purchases that occurred outside the statute of limitations.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches. Plaintiff knew, or had reason to know, of the claims alleged well before this action commenced because the Product labels and challenged ingredients existed well before the commencement of this action. Notwithstanding Plaintiff's knowledge or reason to know of the foregoing, Plaintiff unreasonably delayed in bringing an action to enforce his claims. As a result, PepsiCo has been prejudiced in its ability to properly defend this action in that (among other things) necessary witnesses may no longer be available and documents may no longer exist.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

Any finding of compensatory or punitive liability under the consumer protection laws of California would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and of any analogous provision contained in the California Constitution, because the standards of liability under these consumer protection laws are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

As a matter of constitutional right and due process, PepsiCo would be entitled to contest by jury trial its liability to any particular individual plaintiff, even if the purported representatives of the putative class prevail on their claims. Trying this case as a class action would violate the United States Constitution and the Constitution of California.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

Any award of punitive damages is barred under California state law. An award of punitive damages would also, if granted, violate PepsiCo's state and federal constitutional rights.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff and the putative class members have failed to mitigate their damages, if any, and any recovery should be reduced or denied accordingly.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

Enforcement of any purported rights Plaintiff may have against PepsiCo would be contrary to public policy, and therefore Plaintiff is barred from any recovery from PepsiCo.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

PepsiCo has insufficient knowledge or information upon which to form a basis as to whether it may have additional, as yet unstated, separate defenses available. PepsiCo has not knowingly or intentionally waived any applicable defenses and reserves the right to raise additional defenses as they become known to PepsiCo through discovery in this matter. PepsiCo further reserves the right to amend its answer and/or defenses accordingly and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

## PRAYER

WHEREFORE, DEFENDANT PEPSICO prays for the following relief:

A.   That judgment on the Complaint, and on each cause of action against PepsiCo, be entered in favor of PepsiCo;

B.   That this Court finds that this suit cannot be maintained as a class action;

C.   That Plaintiff and the members of the putative class take nothing by Plaintiff's Complaint;

D.   That the request for injunctive relief be denied;

E.     That PepsiCo be awarded its costs incurred, including reasonable attorneys' fees; and

F.     For such other and/or further relief as this Court may deem just and proper.

Dated:  February 16, 2024                    Respectfully Submitted,

                                             /s/ Andrew S. Tulumello
                                             ANDREW S. TULUMELLO (SBN #196484)
                                             drew.tulumello@weil.com
                                             CLAIRE L. CHAPLA (SBN #314255)
                                             claire.chapla@weil.com
                                             WEIL, GOTSHAL & MANGES LLP
                                             2001 M Street NW, Suite 600
                                             Washington, DC 20036
                                             Tel: 202 682 7000
                                             Fax: 202 857 0940

                                             *Attorneys for Defendant PepsiCo, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Electronic Service List for this case.

By: /s/ Andrew S. Tulumello
Andrew S. Tulumello